UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| QUANTALA TRAMEL PIERCE, §<br>INDIVIDUALLY AND AS §<br>SPECIAL ADMINISTRATRIX §<br>OF THE ESTATE OF CARL PIERCE §<br>§<br>§<br>§<br>PLAINTIFF, §<br>§<br>v. §<br>§<br>C-L & ASSOCIATES, INC §<br>D/B/A FAY-J PACKAGING, AND §<br>FAY J. DURANT §<br>§<br>DEFENDANTS. § | CAUSE NO. 5:21-cv-130 |

**PLAINTIFF'S ORIGINAL PETITION AND DEMAND FOR JURY TRIAL**

Plaintiff, Quantala Tramel Pierce, Individually and as Special Administratrix of the Estate of Carl Pierce (hereinafter "Plaintiff"), by and through undersigned counsel, and in commencement of this action against Defendants, C-L & Associates d/b/a Fay-J Packaging, and Fay J. Durant, hereby states as follows:

**PARTIES**

1. Plaintiff Quantala Tramel Pierce is the duly appointed Special Administratrix of the Estate of Carl Pierce. She is a citizen and resident of the State of Arkansas.

2. Carl Pierce died December 23, 2020.  He was a citizen and resident of the State of Arkansas at the time of his death.

3. Pursuant to Tex. Civil Practice Remedies Code § 71.004, if none of the individuals entitled to bring an action have begun the action within three calendar months

after the death of the injured individual, his executor or administrator shall bring and prosecute the action unless requested not to by all those individuals.

4. It has been ten (10) months since Carl Pierce died.

5. Since it has been more than three calendar months, Plaintiff Quantala Tramel Pierce is bringing this action pursuant to Subchapter B of Chapter 71 of the Texas Civil Practice & Remedies Code ("the Texas Survival Statute") as widow of the decedent and duly appointed Special Administratrix of the Estate of Carl Pierce, and pursuant to Subchapter A ("the Texas Wrongful Death Statute") on behalf of herself individually and for the benefit of all wrongful death beneficiaries permitted recovery under the Texas Wrongful Death Statute.

6. Defendant C-L & Associates, Inc. d/b/a Fay-J Packaging is a Texas corporation with its principal place of business located at 616 Wake Village Road, Wake Village, Texas. Its agent for service of process is Fay J. Durant. Defendant C-L & Associates, Inc. d/b/a Fay-J Packaging owns and occupies the real property located at 616 Wake Village Road, Wake Village, Texas.

7. Defendant Fay J. Durant is an individual, a citizen of the State of Texas, and a resident of this judicial district. Defendant Fay J. Durant owns and occupies the real property located at 616 Wake Village Road, Wake Village, Texas.

## JURISDICTION AND VENUE

8. This court has original jurisdiction over this action under 28 U.S. Code § 1332(a)(1).

9. Decedent Carl Pierce was a citizen of Texarkana, Arkansas at the time of his death, and Plaintiff was appointed Special Administratrix by the Miller County, Texarkana, Probate Court in Texarkana, Arkansas.

10. Defendants are all citizens of a state different from that of Plaintiff and the matter in controversy exceeds the sum of $75,000.

11. Venue is proper in this District, and this Court has personal jurisdiction over Defendants, pursuant to 28 U.S. Code § 1391, because the Defendants reside in this district.

## **STATEMENT OF COMMON FACTS**

12. During the times complained of, Defendants C-L & Associates d/b/a Fay-J Packaging and Fay J. Durant owned, managed, and controlled the commercial building located at 616 S Wake Village Road., Wake Village, TX 75501.

13. On December 15, 2020, Decedent Carl Pierce, in his capacity as an employee of Sparklight cable provider, was called to Defendants' building located at 616 S Wake Village Road., Wake Village, TX 75501 to perform service and maintenance on the cable line providing service to Defendants.

14. Decedent Carl Pierce used his bucket truck to access Defendants roof, where a cable owned by Sparklight was hanging very low to the ground.

15. After raising the cable, Carl Pierce walked back across Defendants roof toward his bucket truck.

16. As he was walking back across the roof, Carl Pierce fell through a skylight on Defendants roof and fell 40 feet to the ground.

17. Carl Pierce suffered injuries from his fall including collapsed lungs and broken ribs, which ultimately led to his death eight days later.

18. Defendants were aware that they had cables and other equipment on their roof and that the roof would need to be accessed for maintenance of this equipment.

19. Defendants knew that Sparklight had cables across their roof.

20. It was foreseeable to Defendants that individuals similar to Decedent would be on their roof as business invitees or licensees.

21. The skylight was unguarded, unmarked, non-load bearing and located near the roof's access points. The skylight on Defendants' premises posed an unreasonable risk of harm to individuals accessing Defendants' roof of which Defendants knew or, in the exercise of reasonable care, should have known. Defendants did nothing to reduce or eliminate the risk of harm presented by the skylight.

22. Falling through an unguarded, unmarked, non-load bearing skylight on the Defendants roof is not a "usual hazard" of cable repair.

### COUNT I
### PREMISE LIABILITY OF DEFENDANTS ON
### DECEDENT CARL PIERCE'S STATUS OF A BUSINESS INVITEE

Plaintiff repeats and re-alleges paragraphs 1-22 of this Petition as though set forth herein in full.

23. Decedent Carl Pierce's status while on Defendant Fay-J Packaging's premises on December 15, 2020 was a business invitee. Carl Pierce was on the premises by invitation of Defendants to perform services for the mutual benefit of Sparklight and Defendants.

24. At the times complained of, Defendants had a contractual relationship with Decedent's employer, Sparklight, regarding their cable service provided.

25. Work being done on Sparklight's cables was done for the direct benefit of Defendants.

26. Upon information and belief, Defendants notified Sparklight that the cable on their roof was hanging too low.

27. Decedent was sent by his boss to Defendants' roof to fix this cable.

28. The presence and location of the unguarded, unmarked, non-load bearing skylight near the roof's access points created an unreasonable risk of harm on Defendants' premises.

29. Defendants had actual or constructive knowledge of this condition, as the skylights were on their roof.

30. Defendants, in the exercise of due care, knew or should have known that Decedent Carl Pierce and other business invitees on their roof would be required to walk by this skylight and be exposed to the probable risk of making inadvertent contact with this skylight and falling through it to the floor below.

31. Defendants did not exercise reasonable care to reduce or eliminate the risk of harm to its business invitees, such as Decedent.

32. Defendants were in control of the building and owed to Decedent Carl Pierce the non-delegable duty to use reasonable care to maintain these premises in a reasonably safe condition, to correct dangerous conditions about which they either knew, or should have known by the use of reasonable care, and to warn business invitees, including Carl Pierce, of latent concealed perils and dangerous conditions which they

knew or, in the exercise of due care, should have known of and which were unknown to Decedent Carl Pierce and unable to be discovered by him through exercise of due care.

33. Defendants, by exercising due care, would have reasonably foreseen this zone of risk to which their business invitees, including Decedent Carl Pierce, would be exposed and required to encounter when performing work on Defendants' roof.

34. Defendants, by exercising due care, would have foreseen the risk of harm to Decedent making inadvertent contact with their unguarded and unmarked skylight.

35. Defendants breached their non-delegable duties of due care to Decedent Carl Pierce and were negligent in the following manner:

   a) Failed to exercise reasonable care to place guards on or around the skylight on their roof;

   b) Failed to exercise reasonable care in placing bright warning signs on each side of the skylight;

   c) Failed to correct a dangerous condition by capping the skylight with metal screen guarding through which an individual could not fall;

   d) Failed to replace the skylight with skylights constructed with present-day technology capable of sustaining the body weight of workers Defendants knew, or reasonably should have known, to be accessing the building rooftop;

   e) Permitted the non-load bearing skylight to remain unguarded and in close proximity to the roof access points without proper warning resulting in a hazardous and dangerous condition on their premises.

36. Defendants violated each of these non-delegable duties. These negligent acts and omissions created a breach of their duty of due care to Decedent and were a

substantial, factual, and proximate cause of the unreasonable risk of harm to which Decedent Carl Pierce was exposed that proximately caused his fall resulting in his injuries and death.

37. Recovery of damages is pursuant to the Texas Survival Statute and Texas Wrongful Death Statute as set forth in Count III.

## COUNT II
## ALTERNATIVE THEORY OF PREMISES LIABILTY OF DEFENDANTS BASED ON DECEDENT CARL PIERCE'S STATUS AS A LICENSEE

Plaintiff repeats and re-alleges paragraphs 1-37 of this Petition as though set forth herein in full.

38. At a minimum, Decedent Carl Pierce was a licensee on Defendants' premises on December 15, 2020.

39. Decedent accessed Defendants roof to raise a cable for his employer, Sparklight.

40. Under Texas law, a technician using a business owner's property to resolve a wiring issue not to the benefit of the business owner is deemed a licensee.

41. The presence and location of the unguarded, unmarked, non-load bearing skylight near the roof's access points created an unreasonable risk of harm on Defendants' premises.

42. Defendants had actual knowledge of this condition, as the skylights were on their roof.

43. Defendants knew that Decedent Carl Pierce and other licensees on their roof would be required to walk by this skylight and be exposed to the probable risk of making inadvertent contact with this skylight and falling through it to the floor below.

44. Defendants did not exercise reasonable care to reduce or eliminate the risk of harm to their licensees, nor did Defendants make efforts to warn licensees about the dangerous condition.

45. Defendants were in control of the building and owed to Decedent Carl Pierce the non-delegable duty not to injure him by wanton conduct or through gross negligence, and because Defendants knew of the dangerous condition and Carl Pierce did not, a non-delegable duty was owed by Defendants either to warn Decedent of the dangerous condition or to make the condition reasonably safe.

46. Defendants breached their non-delegable duties of due care to Decedent Carl Pierce and were negligent in the following manners:

    a)     Failed to exercise reasonable care to place guards on or around the skylight on their roof;

    b)     Failed to exercise reasonable care by placing bright warning signs on each side of the skylight;

    c)     Failed to correct a dangerous condition by capping the skylight with a permanent solid steel cap through which an individual could not fall;

    d)     Failed to replace the skylight with skylights constructed with present-day technology capable of sustaining the body weight of workers Defendants knew, or reasonably should have known, to be accessing the building rooftop;

    e)     Permitted the non-load bearing skylight to remain unguarded and in close proximity to the roof access points without proper warning resulting in a hazardous and dangerous condition on its premises.

47. Defendants violated each of these non-delegable duties. These negligent acts and omissions created a breach of their duty to Decedent and were a substantial, factual and proximate cause of the unreasonable risk of harm to which Decedent Carl Pierce was exposed that proximately caused his fall resulting in his injuries and death.

48. Damages sought are pursuant to the Texas Survival Statute and Texas Wrongful Death Statute as set forth in Count III.

## COUNT III
## SURVIVAL AND WRONGFUL DEATH

49. Recovery herein for damages is as allowed by the Texas Survival Statute and Texas Wrongful Death Statute codified in Chapter 71 of the Texas Civil Practice and Remedies Code. Accordingly, for the acts or omissions outlined in Count I and Count II, Plaintiff seeks the following damages resulting from the injury to and death of Carl Pierce.

50. For the Estate of Carl Pierce under the Texas Survival Statute, Carl Pierce's injuries and damages, past, present and future, include but are not limited to:

a) Conscious pain and suffering;

b) Mental anguish;

c) Medical and healthcare expenses;

d) Lost earnings;

e) Funeral and burial expenses.

51. As the surviving spouse of Carl Pierce, Quantala Tramel Pierce also individually seeks recovery of her own damages resulting from the death of Carl Pierce, including but not limited to:

a) Mental anguish in the past and future;

      b) Loss of consortium in the past and future;

      c) Medical and healthcare expenses;

      d) Carl Pierce's lost earnings in the past and future;

      e) Loss of household services from Carl Pierce in the past and future;

      f) Funeral and burial expenses;

      g) Loss of inheritance.

52. Quantala Tramel Pierce also brings this action pursuant to Fed. R. Civ. P. 17 and as authorized by the Texas Wrongful Death Statute for the benefit of all others entitled to recover for the death of Carl Pierce including Dorothy Hayden, Robert Lee Burton, Chanic Floyd, Antoinette Floyd, and Eric Floyd.  The damages sought for the benefit of these wrongful death beneficiaries include but are not limited to past and future mental anguish, past and future loss of consortium, past and future loss of the value of services of a pecuniary nature and loss of inheritance.

## DEMAND FOR JURY TRIAL

Plaintiff, Quantala Tramel Pierce, as Special Administratrix of the Estate of Carl Pierce, demands that all matters herein be tried by Jury.

**TRAMMELL PIAZZA LAW FIRM, PLLC**

/s/ M. Chad Trammell
_____
M. Chad Trammell
Texas State Bar No. 20183750
418 N. State Line Ave.
Texarkana, Arkansas 71854
870-779-1860
chad@trammellpiazza.com

Mark C. Schultz, Esq. (pro hac pending)
Schultz Law, LLC
4 Tower Bridge, Suite 400
200 Barr Harbor Drive
Conshohocken, PA 19428
(610) 828-0700

And

Riccardo D. Arcaro (pro hac pending)
Florida Biker Law
The Ellis Building
1605 Main St., Ste 1112
Sarasota, FL 34236
(941) 953-6010

Attorneys for Plaintiffs, the Estate of Carl Pierce and the wrongful death beneficiaries Quantala Tramel Pierce, Robert Lee Burton, and Dorothy Hayden

And

**MILLER, JAMES, MILLER & HORNSBY, L.L.P.**

By: _____/s/: David L. James_____
David L. James
State Bar No. 10538600
1725 Galleria Oaks Drive
Texarkana, TX 75503
Tel: (903) 794-2711
Fax: (903) 792-1276
jameslaw@miller-james.com

Attorneys for Eric Floyd, Chanic Floyd and Antoinette Floyd wrongful death beneficiaries of Carl Pierce, deceased